UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE REED,

    Petitioner,

                                        CASE NO. 2:10-cv-13799
v.                                JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE PAUL KOMIVES

GARY CAPELLO,

    Respondent.
    _____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1); RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7); PETITIONER'S MOTION TO EXPUNGE (docket #14); and PETITIONER'S MOTION FOR SUMMARY JUDGMENT (docket #15)**

I.      RECOMMENDATION: The Court should conclude that petitioner's habeas application is untimely pursuant to 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment, deny petitioner's motions to expunge and for summary judgment, and dismiss the petition. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.    *Procedural Background*

Petitioner Eddie Reed is a state prisoner, serving two sentences of 6-30 years' imprisonment, being served consecutively, imposed as a result of his 1998 state court convictions for carjacking and armed robbery. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted on September 7, 1998, following a jury trial in the Wayne County Circuit Court. On September 18, 1998, he was sentenced by the court.

- Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, claims of involuntary confession and improper sentencing. The court of appeals affirmed petitioner's convictions and sentences on December 5, 2000. *See People v. Reed*, No. 215233, 2000 WL 33395337 (Mich. Ct. App. Dec. 5, 2000) (per curiam).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On April 30, 2001, the Supreme Court denied leave to appeal in a standard order. *See People v. Reed*, 463 Mich. 1014, 627 N.W.2d 598 (2001).

- On May 8, 2002, petitioner filed an application for the writ of habeas corpus signed and dated April 9, 2002, in this Court, raising the claims he had raised in state court as well as additional claims of suppression of evidence and denial of counsel. On May 21, 2002, the Court summarily dismissed the petition without prejudice based on petitioner's failure to exhaust all of his claims in state court. *See Reed v. Renico*, No. 02-CV-71481-DT (E.D. Mich. May 21, 2002) (Hood, J.). Noting that the time the petition was pending in federal court would not toll the limitations period under 28 U.S.C. § 2244(d)(2), Judge Hood determined that petitioner would be entitled to equitable tolling of the limitations period "for the period in which this first habeas petition has been pending in this Court." *Id*. at 9.

- On March 29, 2005, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on December 7, 2005. Petitioner did not file an appeal from this decision in either the Michigan Court of Appeals or Michigan Supreme Court.

On September 14, 2010, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent filed a motion for summary judgment on December 17, 2010, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on January 18, 2010. Petitioner has also filed a motion to expunge his unconstitutional arrest and a motion for summary judgment. For the reasons that follow, the Court should grant respondent's motion for summary judgment and, accordingly, should deny petitioner's motions.

---

[1] Although petitioner's application is file-stamped September 23, 2010, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated September 14, 2010. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on September 14, 2010.

B.   *Analysis*

1.   *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the default commencement date established by subparagraph (A) applies here–and petitioner does not contend that the provisions of §

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

2244(d)(1)(B)-(D) are applicable–petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Michigan Supreme Court's denial of his application for leave to appeal on April 30, 2001. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on July 29, 2001. Thus, the one year limitation period began running on July 30, 2001, *see* FED. R. CIV. P. 6(a)(1)(A), and expired one year later on July 30, 2002. Because petitioner did not file his petition until September 14, 2010, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner filed an application for the writ of habeas corpus in this Court through a petition dated April 9, 2002. That petition was dismissed by the Court without prejudice based on petitioner's failure to exhaust his state court remedies on May 21, 2002. As the Court correctly observed in dismissing petitioner's first application, because it did not constitute "an application for *State* post conviction or other collateral review," petitioner's first habeas application did not toll the limitations period under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Nevertheless, the Court determined that petitioner would be entitled to equitable tolling of the limitations period for the time spent in federal court pursuing that application. *See id.* at 183 (Stevens, J., concurring); *Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002). From the limitations starting date of July 30, 2001, until petitioner dated his first application on April 9, 2002, 253 days elapsed on the limitations clock. Thus, when the clock began to run again on May 22, 2002, petitioner had 112 days remaining in the limitations period. Despite this, petitioner waited nearly three years, until March 29, 2005, to file his state post-conviction motion. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Because the limitations period had already expired by the time he filed his state court post-conviction motion, there was no further limitation period to be tolled by the motion. Accordingly, the Court should conclude that petitioner's application is untimely.

2. *Actual Innocence*

Petitioner does not challenge the foregoing calculation of the limitation period. Rather, he contends that the Court should consider the merits of his claims because he is actually innocent of the crimes for which he was convicted. The Court should reject this claim.

The Sixth Circuit has held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, however, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id.* at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

Here, although petitioner asserts that he is innocent, he has pointed to no new, reliable

evidence which clearly establishes his innocence. The only new evidence to which petitioner points the Court concerns what petitioner contends are improprieties in the warrant for his arrest and the institution of the judicial proceedings against him. Petitioner contends that the arrest warrant had been recalled, and that although he was initially being transported to the trial court to be arraigned on different charges, when he arrived at court he was arraigned on the carjacking and armed robbery charges which are the subject of this proceeding. Petitioner has submitted documents which he contends support his claims. However, even assuming that the arrest warrant had been recalled or that he was improperly arraigned, this would not establish that petitioner is actually innocent of the charges against him. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, to establish the actual innocence exception "petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). None of the evidence which petitioner presents relating to his arrest and arraignment speaks to whether, as a factual matter, petitioner committed the carjacking and armed robbery crimes for which he was convicted.

Indeed, petitioner's new evidence does not even establish his legal innocence, or any cognizable ground for habeas relief. It is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because petitioner is now incarcerated pursuant to a valid conviction, he cannot challenge either the arrest leading to his incarceration or the preliminary

procedures employed prior to his trial. Thus, petitioner's newly discovered evidence is insufficient to meet the actual innocence exception which would allow the Court to review his time-barred claims.[3]

D.     *Recommendation Regarding Certificate of Appealability*

   1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999)

---

[3]In his various filings, petitioner asserts other arguments for his innocence. However, none of these arguments rely on new evidence; rather, they rely on facts known to petitioner at the time of trial. Thus, these arguments are likewise insufficient to establish petitioner's actual innocence under *Schlup*.

(quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court

explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. Petitioner does not dispute that his claims are untimely under § 2244(d)(1)(A). Further, it is not reasonable debatable that petitioner has failed to meet the heavy burden of demonstrating his actual innocence through new, reliable evidence. As explained above, all of petitioner's new evidence is relevant only to the question of whether petitioner was properly arrested or arraigned. Such evidence does not call into question the legal validity of his subsequent conviction, much less establish that he is factually innocent of the crimes for which he was conviction. Accordingly, the Court should deny petitioner a certificate of appealability.

C.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment, deny petitioner's motions for summary judgment and to expunge unconstitutional arrest, and dismiss the petition. If the Court accepts this recommendation, the Court should also deny the certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

Dated: 9/7/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 7, 2011.
>
>                                     s/Eddrey Butts
>                                       Case Manager