**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDDIE REED,

        Petitioner,                              Case No. 10-13799

vs.

                                                HONORABLE DENISE PAGE HOOD

GARY CAPELLO,

        Respondent.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S MOTIONS TO EXPUNGE AND FOR SUMMARY
JUDGMENT, DENYING CERTIFICATE OF APPEALABILITY AND
IN FORMA PAUPERIS STATUS ON APPEAL AND DISMISSING ACTION**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated September 7, 2011 [Doc. No. 22]. Petitioner's Objections were filed with the Court on September 21, 2011 [Doc. No. 23].

On September 18, 1998, Petitioner was sentenced following a conviction in the Wayne County Circuit Court. Petitioner was sentenced to 6-30 years of imprisonment, to be served consecutively for convictions of carjacking and armed robbery. Petitioner appealed as of right to the Michigan Court of Appeals raising claims of involuntary confession and improper sentencing. The Court of Appeals affirmed Petitioner's convictions and sentences on December 5, 2000. Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On April 30, 2001, the Supreme Court denied leave to appeal in a standard order. On May 8, 2002, Petitioner filed an application for a Writ of Habeas Corpus signed and dated April 9, 2001, filed

May 8, 2002, raising claims raised in the State Courts. Petitioner also raised additional claims of ineffective assistance of counsel and improper denial of suppression of evidence. On May 21, 2002, this Court summarily dismissed the petition without prejudice based on Petitioner's failure to exhaust all claims in State Court. On March 29, 2005, Petitioner filed a motion for relief from judgment in the trial court pursuant to MCR 6.500-6.508. The trial court denied the motion on December 7, 2005. Petitioner did not appeal the trial court's decision to either the Michigan Court of Appeals or the Michigan Supreme Court. On September 14, 2010, Petitioner filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment on December 17, 2010, arguing that Petitioner's habeas application was untimely. Petitioner filed a response to the motion on January 18, 2010. Petitioner has also filed a motion to expunge his unconstitutional arrest and a motion for summary judgment.

## II.   APPLICABLE LAW & ANALYSIS

### A.  Standard of Review

The standard of review of the Magistrate Judge's Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must have filed objections to the Report and Recommendation within fourteen days of service of a copy of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S.

140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B. Report and Recommendation

The Magistrate Judge recommends that the Court deny the Petitioner's writ on the ground that he is not entitled to such habeas relief because the petition is time barred. The Court concurs.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one year statute of limitations for the filing of a habeas petition following the latest of four possible dates. 28 U.S.C. § 2244(d). Here, Petitioner's direct appeal concluded with the Michigan Supreme Court's denial of his application for leave on April 30, 2001. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired on July 29, 2001. The one year statute of limitations period for Petitioner to file a petition for habeas relief began to run on July 30, 2001 and would have expired on July 29, 2002. Petitioner filed his first Writ of Habeas Corpus with this Court on April 9, 2002, which tolled the statute of limitations until the petition was dismissed on May 21, 2002. From July 30, 2001 until April 9, 2002, 253 days had elapsed on the limitations period. After the tolling period between April 9, 2002 and May 21, 2002, Petitioner had 112 days remaining in the limitations period. Petitioner waited until March 29, 2005 to file his post-conviction motion with the trial court and did not file his petition for habeas relief with this Court until September 14, 2010. The period to file his habeas petition under the statute expired well before the time he filed his post-conviction motion.

Petitioner objects to the Magistrate Judge's recommendation that he is not entitled to habeas relief because he was representing himself in the proceedings and "mistakes were constantly made." Petitioner claims he was not provided with counsel in this proceedings and he is "incompetent." [Doc. No. 23]. Although Petitioner has no formal legal training and

3

represented himself in these proceedings, the Supreme Court "has never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Petitioner also argues that he incorrectly named the respondent in this matter on his pleadings and that proceeding with the incorrect respondent is an obstruction of justice. [Doc. No. 23]. In actuality, Petitioner correctly stated the warden of the detention facility where he is currently in custody as the Respondent in his petition for Writ of Habeas Corpus. Rule 2, Rules Governing Habeas Corpus Proceedings ("[T]he petition must name as respondent the state officer who has custody.").

The Court finds that the Magistrate Judge reached the correct findings of facts and conclusions of law. The Court accepts and adopts the Magistrate Judge's findings and conclusions set forth in the Report and Recommendation. Petitioner's current Writ of Habeas Corpus is untimely and this Court has no authority to review the matter.

**III.   CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS* STATUS**

The Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons set forth above and in the Report and Recommendation, Petitioner failed to make a substantial showing that his constitutional rights were violated. A certificate of appealability will not issue in this case.

A court may grant *in forma pauperis* status if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Any appeal of this order will not be taken in good faith since

Petitioner untimely filed the instant Writ of Habeas Corpus. The Court will not grant Petitioner *in forma pauperis* status on any appeal filed.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' September 7, 2011 [Doc. No. 22] Report and Recommendation is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Objections to the Report and Recommendation [Doc. No. 23] are OVERRULED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Respondent [Doc. No. 7] is GRANTED.

IT IS FURTHER ORDERED that the Motion to Expunge filed by Petitioner [Doc. No. 14] is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Petitioner [Doc. No. 15] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability will not issue in this case and *In Forma Pauperis* will not be granted on any appeal filed by Petitioner.

Dated: September 30, 2011              S/Denise Page Hood
                                       DENISE PAGE HOOD
                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Eddie Reed, 271594 Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 and the attorneys of record on this date, September 30, 2011, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager, (313) 234-5160